CASE 17—PETITION EQUITY—JUNE 28.

## Proctor, &c. v. Smith, &c.

APPEAL FROM BOYLE CIRCUIT COURT.

1. "I bequeath to my wife, Angelina, and her three children, Beatrice, Dunlap, and Scotta, conjointly, all my real and personal estate," etc., etc. *Held*, that by this devise, which is copied in full in the opinion, the wife took equally with each of her three children a vested interest of one fourth of the estate devised; and that the wife's conveyance of the real estate so devised was inoperative to convey the title of the three children.

2. CLAIMANTS OF REAL ESTATE MAY BE BARRED FROM A RECOVERY BY HAVING RECEIVED ESTATE of value equal to the interest of such claimants from the grantor thereof, by descent, devise, or distribution, as provided in sec. 18, chap. 80, Revised Statutes. (2 Stanton, 229.)

3. RIGHTS OF VENDEES WITH WARRANTIES, HOW ADJUSTED IN CASE OF RECOVERY AGAINST THEM.—To the extent of the recovery of the plaintiffs against those holding the property under deeds with warranties of title, they will be entitled to relief on their several cross-petitions.

   *But no rents or interest should be charged for any time before the institution of the suit* in adjusting the relative claims of vendors and and vendees, and their privies and representatives, as well as the plaintiffs.

4. OCCUPANT'S CLAIMS FOR IMPROVEMENTS are to be ascertained and allowed according to section 1, article 1, chapter 76, Revised Statutes (2 Stanton, 185), if the improvements were made by the claimants under the belief that they were the owners of the property by reason of a valid legal or equitable claim, the foundation of which was of public record. (Thomas v. Thomas's executor, 16 B. Monroe, 420.)

   *But the value of the improvements should not be estimated according to their original cost,* but should be measured by the increase in the

VOL. VIII.—7

vendible value of the property when recovered, arising from the improvements; and in this case,

In no event should the liability of the plaintiffs to account for improvements exceed the consequent enhancement of ·the value of the property, the liability to account for rents, waste, and deterioration of the property being deducted.

J. B. & P. B. THOMPSON, JR.,⎫
P. B. THOMPSON, SR., . . .⎬ . . . . For Appellants,
C. A. & P. W. HARDIN, . .⎭

CITED

| | |
|---|---|
| 10 B. Monroe, 344. | 9 B. Monroe, 323, 617–625. |
| 3 Metcalfe, 158. | 4 B. Monroe, 540. |
| 1 Marshall, 217. | 5 J. J. Marshall, 355. |
| 4 Monroe, 221. | 7 B. Monroe, 14. |
| 7 Monroe, 109, 229. | 16 B. Monroe, 421. |

10 Watts, 274, Loomis v. McClintock.
14 Massachusetts, 496, Monnot v. Prescott.
4 Georgia, 52, Dudley v. Mallory.
Sugden on Powers, side page 123.

J. S. VANWINKLE For Appellees Smith, Baker, and Chiles,

CITED

Revised Statutes, section 18, chapter 80, 2 Stanton, 229.
16 B. Monroe, 422, Thomas v. Thomas's executors.

M. J. DURHAM, . . . . . . . . For Appellee Sneed,

CITED

3 Metcalfe, 591, Nunnally v. White's executors.
16 B. Monroe, 554, Hill v. Golden.
18 B. Monroe, 166, Todd's heirs v. Todd's heirs.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

Benjamin Proctor died in March, 1860, owning, besides personal estate of considerable value, an undivided moiety of a lot and its appurtenances in Danville, Ky., formerly known as the "Central House" property, including a building occupied as a hotel, and also a saloon, a livery-stable, and a house used as a shoemaker's and barber-shop, the other moiety of the lot and buildings being owned by Alexander

Sneed.    Said decedent left surviving him Angelina C. Proctor, his widow, Beatrice A. Proctor, J. Dunlap Proctor, and Scotta P. Proctor, his only children and heirs; and by his last will and testament he disposed of his estate substantially as follows: "I bequeath to my wife Angelina and her three children, Beatrice, Dunlap, and Scotta conjointly all my real and personal estate, consisting of my house and lot in the town of Danville, three negro men and one woman—viz., Pete, Sam, Abram, and Betsey—together with all ready money, amounting in all to over fifteen thousand dollars, to be delivered up to my wife, Angelina, as the executrix of my estate and guardian of our three aforesaid children, without any security as said executrix and guardian.    I furthermore declare, in presence of these witnesses, that she shall hold in her possession and control all my money, personal and real estate, as long as she lives, with full power to dispose of and divide it in any way she may think proper in case of the marriage of any of my children, without incommoding herself and the children that may remain with her.    In case my wife Angelina should live to see all three of our children married or of age, I empower her to dispose of, should she wish, any of my personal or real estate, so to do, and to appropriate and invest my funds in any way she may deem expedient for the benefit of herself and our three children; and in case of the death of my wife Angelina during the minority of any or either of our children, she shall select an executor for the estate and appoint a guardian for the child or children."

On the 9th day of April, 1869, said Angelina C. Proctor sold to Sneed for six thousand six hundred dollars said moiety of the "Central House property," and executed a deed to him therefor, with a warranty of the title.    Subsequently Sneed sold and conveyed the stable and shops to John Stodghill for three thousand nine hundred dollars, and in 1865 Stodghill conveyed them to Baker and Toler for five thousand dollars, and the

latter afterward sold and released his interest to Baker. Sneed also sold the saloon property to Mrs. O. Smith, and conveyed it to her in December, 1863, for the consideration of two thousand dollars, and in August, 1864, he sold and conveyed the hotel building to W. R. Boice for six thousand dollars, and Boice subsequently incumbered it by a mortgage to A. H. Sneed and a deed of assignment to R. P. Jacob.

Mrs. Angelina Proctor died in 1867, leaving some estate, which she devised by her will exclusively to her daughter, Scotta Proctor.

This suit was instituted in June, 1867, by the three children and surviving devisees of Benjamin Proctor, deceased, against the several claimants under the deed from their mother to Sneed, and their tenants in possession, for the recovery of the one moiety of the property embraced by the sale to Sneed. And the parties interested being brought before the court, the plaintiff's claim was controverted, and the warranties of Mrs. Proctor, Sneed, and others set up, as well as claims for improvements, for which appropriate judgments were prayed in the event of a recovery by the plaintiffs.

The court dismissed the petition on the hearing, and the plaintiffs have appealed to this court.

The first inquiry is as to the construction to be given to the will of Benjamin Proctor. In the case of Proctor, &c. v. Fisher, &c. (Ms. Op., December, 1870), involving a construction of the same will, this court decided, in substance and effect, that Mrs. A. C. Proctor took equally with each of her three children a vested interest of one fourth of the estate devised; and after a careful examination of the authorities to which we have been referred we adhere to that decision.

It results that the deed to Sneed was inoperative to convey the title of the appellants, Beatrice A., J. Dunlap, and Scotta Proctor; and they are each entitled to recover unless barred by having received estate from their mother, by descent, devise, or

distribution, of value equal to their respective interests in the property. (Revised Statutes, chap. 80, sec. 18.) The evidence conduces to the conclusion that the appellant Scotta, the sole devisee of her mother, is so barred, unless the estate devised to her shall be wholly or partially absorbed by the debts of Mrs. Procter; but not so as to the other appellants, who were excluded by their mother's will.

But as the judgment will have to be reversed, and the rights of the parties will require, on the return of the cause, a more reliable and certain inquiry into the condition of Mrs. Proctor's estate, it may be premature to determine, and we do not now decide, whether Scotta Proctor may not finally be entitled to relief, to some extent at least.

To the extent of the recovery of the plaintiffs against those holding the property under deeds with warranties of title, they will be entitled to relief on their several cross-petitions; but in adjusting the relative claims of the vendors and vendees, and their privies and representatives, as well as the plaintiffs, neither rents nor interest should be charged for any time before the institution of this suit.

The only remaining inquiry relates to the asserted claims of the purchasers and occupants of the property for improvements. These claims should be ascertained and allowed according to sec. 1, art. 1, chap. 70 of the Revised Statutes, if the improvements were made, as we conclude they were, by the several claimants under the belief that they were the owners of the property by reason of a valid legal or equitable claim, the foundation of which was of public record. (Thomas v. Thomas's executor, 16 B. Monroe, 420; Bonner, etc., v. Bolton, decided December, 1870.) But the value of the improvements should not be estimated according to their original cost, but should be measured by the increase in the vendible value of the property, when recovered, arising from the improvements; and in no event should the liability of the appel-

lants to account for improvements exceed the consequent enhancement of the value of the property, the liability of the appellees to account for rents, waste, and deterioration of the property, if any, being of course deducted.

Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.