## W. R. Payne *v.* Sally McQuinn's Ex'r, et al.

**Construction of Will.**

A will which provides, "I own a brick house and certain lots of ground belonging thereto, in Warsaw * * * these, the said house and lots, I give and bequeath to my niece, Sally Elmore, wife of Oliver Elmore, and her children; but I design and it is my will that this property shall be for the use and benefit of my mother, Mary Spencer, during her natural life, then to descend to said Sally Elmore and her children as aforesaid," where the mother died before the testator, it was held that the devise was in fee simple to Sally Elmore and all of her children in equal parts, including one born after the execution of the will.

APPEAL FROM GALLATIN CIRCUIT COURT.

September 12, 1878.

Opinion by Judge Hines:

This is a suit to have constructed the following clause of the will of Mrs. Sallie M. McQuinn: "I own a brick house and certain lots of ground belonging thereto, in Warsaw, Gallatin county, Kentucky, now occupied by my brother, Preston H. Spencer; these, the said house and lots, I give and bequeath to my niece, Sally Elmore, wife of Oliver Elmore, and her children but I design and it is my

2

will that this property shall be for the use and benefit of my mother, Mary Spencer, during her natural life, then to descend to said Sally Elmore and her children as aforesaid."

The will bears date .November 4, 1870, but the date of the death of Mrs. McQuinn is not given in the record. Mrs. Mary Spencer died before the testatrix, Oliver Elmore, Jr., was born on the 20th of August, 1871.

We are asked to say what interest Sally Elmore and her children take in this property, and whether Oliver Elmore, Jr., takes anything. The court below held that the devise was in fee simple to Sally Elmore, and all of her children in equal parts, there being six children, including Oliver, born after the execution of the will. This we think is unquestionably correct. The expression "her children" designates with sufficient accuracy the persons intended to be benefited by the devise, and embraces any child born within the statutory and common-law period of gestation, that is within ten months after the death of the testator.

In *Powell v. Powell*, 5 Bush 619, the conveyance was to the wife and her children. After the date of conveyance a child was born to the wife, and the court held that the child eo instanti became a joint tenant with her mother by the legal effect of the deed to her as prospective co-purchaser.

In *Proctor v. Smith*, 8 Bush 81, it was held that a devise to the mother and her then children conjointly, naming them, gave the mother and children one-fourth of the devise each.

Judgment *affirmed*.

*J. J. Landrum, for appellant.*