Counts v. Kitchen.

CASE 9—PETITION EQUITY—MARCH 1.

# Counts v. Kitchen.

### APPEAL FROM CARTER CIRCUIT COURT.

1. OCCUPYING CLAIMANTS—IMPROVEMENTS—INJUNCTIONS.—Under the statute in relation to "occupying claimants," which provides that any person believing himself to be the owner by reason of a claim, the foundation of which is of public record, shall "seat and improve" any land, which, upon judicial investigation, shall be decided to belong to another, the value of his improvements shall be paid to him by the successful party before the court shall cause the possession to be delivered, and further provides for the empaneling of a jury to assess the value of the improvements, the occupant can not stand by and see a judgment rendered upon which a writ can issue without regard to the value of his improvements, and then obtain an injunction to prevent the execution of the writ upon no other equitable ground than the failure of the successful party to pay the value of the improvements. He may, however, at a subsequent term, by motion or petition, have a jury empaneled, as provided by the statute, to assess the value of the improvements, and make the successful claimant liable therefor, as the statute does not limit the application for a jury to the term at which the land is adjudged to belong to another.

In this case the appellant, the occupant, by a petition in equity, sought to enjoin the execution of the writ of possession upon the ground that the successful claimant had not paid him the value of his improvements, and asked that a jury be empaneled to assess their value. *Held*—That the court properly dissolved the injunction, but erred in dismissing the petition, as a jury should have been empaneled as requested.

2. COSTS OF APPEAL.—Both parties being in default, no judgment will be rendered for costs on the appeal.

E. B. WILHOIT, R. D. DAVIS AND THOS. D. THEOBALD FOR APPELLANT.

A purchaser entering upon and improving land under title of record, in good faith believing his title good, shall be allowed the value of his improvements before eviction by successful claimant. (General Statutes, chapter 80; Craig v. Major, 1 Mar., 187; Smith v. Walton, 2 Mar., 26; Smith v. Hornback, 1 Littell, 272.)

J. R. BOTTS FOR APPELLEE.

Failure of occupying claimant to land to set up claim for improvements

in a successful action to recover the land, bars another action to re-
cover for improvements. (General Statutes, chapter 80; Hartley's
Heirs v. Berry, MS. Op., June 17, 1886.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Article 1 of the statute in relation to occupying
claimants (General Statutes, chapter 80) provides, that
"if any person, believing himself to be the owner,
by reason of a claim in law or equity, the founda-
tion of which being of public record, hath or shall
hereafter peaceably seat and improve any land, but
which land shall, upon judicial investigation, be de-
cided to belong to another, the value of the im-
provements shall be paid by the successful party to
the occupant, or the person under whom and for
whom he entered and holds, before the court render-
ing judgment or decree of eviction shall cause the
possession to be delivered to the successful party."
Section 2 of the same act provides: "The court in
which the judgment or decree of eviction shall be
rendered, at the request of either party, shall direct
the clerk of said court to issue *venire facias* to the
sheriff of the county in which the land is situated,
commanding him to summon a justice of the peace
of his county, and also to empanel a jury of twelve
discreet and impartial free-holders, not of kin to
either party, to meet upon the premises recovered on
a day to be named in the writ," etc.

The statute further provides that this jury shall
assess the damages, if any, which may have been done
the land by cultivation and unnecessary waste of tim-
ber after suit brought. The rents and profits which
have accrued after final judgment, and the value of

the improvements upon the land from which the occupant is to be evicted, to be estimated as of the time the jury is empaneled.

The ancestor of the appellees recovered by his action in the Carter Circuit Court a tract of land from the appellant, who had entered under a junior patent issued to his vendor, and obtained a judgment of eviction. A writ of possession issued upon the judgment, and was placed in the hands of the sheriff, when the appellant, who was still in the actual occupancy of the land, filed his petition in equity against the appellees, in which he claimed compensation for his improvements, and obtained an injunction prohibiting them from executing the writ of *habere facias*.

A general demurrer was sustained to the petition, and the appellant prosecutes this appeal.

All the facts necessary to entitle the occupant to pay for his improvements are plainly alleged in the petition, and the demurrer should have been overruled, unless the failure to ask for a jury to determine the value of his improvements at and when the judgment was entered is a bar to the recovery.

The first section of the act referred to provides that the successful party shall pay to the occupant the value of his improvements before possession is required to be delivered under the judgment of eviction; and while this is the plain letter of the statute, if possession is ordered to be delivered without regard to the rights of the occupant, the judgment would be erroneous only and not void. So the question arises, whether the occupant at a subsequent term of the court, as was done in this case, can ask for a jury that the value of

his improvements may be ascertained, and the party recovering made liable therefor.

The second section of the act provides that the court in which the judgment is rendered shall, at the request of either party, have a jury empaneled as provided by the act to inquire of damages and fix the value of the improvements ; and it is contended that this should be done when the judgment of eviction is entered, or during the same term of the court. It certainly would be the proper practice under this statute so as not to prolong the litigation, and to prevent an independent action, to require the party desiring a jury to demand it at the time when the judgment is rendered, or during the same term of the court. The statute is silent as to when this request for a jury is to be made; but when the occupant stands by and sees the judgment entered upon which a writ can issue, and interposes no objection, the right to execute the judgment should not be prevented by an injunction upon no other equitable ground than the failure of the successful party to pay the value of the improvements made.

The statute afforded a plain remedy for preventing the execution of the writ, and as the appellant failed to adopt it, the injunction should have been dissolved. Did the appellant, however, lose his right to the value of his improvements by failing to request the empaneling of a jury as provided by the second section of the act? We think not. His right to compensation is unquestioned, and he is endeavoring to proceed, as the statute requires, by asking the court rendering the judgment to give him a jury to go upon the premises

and say by their finding what sum, if any, he is entitled to from the appellee.

It is not an ordinary action, although in the form of a petition, in which the appellant is seeking to recover the amount due him, but he is asking the court to let him pursue the remedy the statute gives him and no other, and we see no reason why this might not have been done by motion or by petition, at a subsequent term, as he is not limited in his application by the statute to the term at which the land was adjudged to belong to another.

Besides, under the act of 1819, where commissioners fixed the value of the improvements, the question was presented to this court in several cases as to the right of the occupant to move for the appointment of commissioners at a term of the court after that in which judgment was obtained, and it was held that the appointment of commissioners at a subsequent term was proper. (Craig v. Major, 1 Mar., 187; Smith v. Walton, 2 Mar., 26; Smith v. Hornback, 1 Lit., 272.)

Here the appellees having been summoned and before the court, the statutory remedy should have been granted the appellant, but his injunction should have been dissolved, the only ground for the injunction being that a writ of possession was in the hands of the sheriff. The appellees had no means of knowing that the appellant would assert a claim for improvements, and his failure to do so, when the judgment was rendered, or during the term, cannot now be asserted as the reason for appealing to the chancellor.

The judgment is reversed, and remanded for proceedings consistent with this opinion; and as each party is in default, no judgment will be rendered for the costs in this court by the one against the other.