# Moore's Guardian, et al. v. Williamson's Executor, et al.

### (Decided November 2, 1923.)

## Appeal from Christian Circuit Court.

1. **Mortgages—Upon Instrument Being Declared Mortgage, Occupant Chargeable with Rents and Credited with Improvements and Interest on Consideration.**—Where paper under which occupant of land is claiming title is declared a mortgage, fairness requires an accounting of rents and improvements upon the broad principle that neither party shall be enriched at the loss of the other, and the chancellor was right in charging occupant with the reasonable rental value of the property and in crediting him with interest on the consideration paid by him.

2. **Mortgages—Cost of Improvements as Credit to Occupant Claiming Under Paper Declared Mortgage.**—Where paper under which occupant is claiming title to land is declared a mortgage, the cost of improvements made by occupant is not the measure of credit allowable, but that cost may be considered in determining whether and to what extent the vendible value of the property has been increased.

3.  Mortgages—Matters Considered as "Permanent Improvements" on Accounting Where Paper Declared Mortgage.—Painting a building that needed painting, or erecting partitions in some rooms in order to rent them more advantageously, or putting building adaptable for offices in condition for such use whereby rental value would be enhanced, held "permanent improvements" for which occupant was entitled to credit upon accounting after paper under which he held was declared a mortgage.

4.  Mortgages—Expense in Renting and for Janitor Service Not Allowed Occupant After Paper Declared Mortgage.—On accounting after paper under which occupant claimed title was declared a mortgage, expenses in renting the property and for janitor service should not have been credited to the occupant.

JOHN C. DUFFY, T. G. SKINNER and E. S. FOREMAN for appellants.

JOHN STITES and O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming on both appeals.

The opinion reversing the judgment on the first appeal of this case is reported in 192 Ky., at page 790. After the reversal of the judgment Lois Tyler Moore died, leaving two infant children, who, through their statutory guardian, filed a petition herein to be made parties plaintiff and to be adjudged the sole owners of the house and lot in controversy. By an amended petition they prayed for a sale of the property to satisfy the debt found to be due Carrie Brent, and that the remainder of the proceeds of the sale, after paying attorney's fees and costs, be invested under the orders of the court for their benefit. Thereafter Carrie Brent filed an amended answer and counterclaim, asserting a claim against the property for several thousands of dollars and asking that she be adjudged a lien on it to satisfy her claim. The averments of her amended answer were traversed and the case prepared and tried on the issues therein tendered, resulting in a judgment in favor of Carrie Brent against the estate of Kinney Tyler for $2,300.13, from which the guardian for the Moore heirs has appealed and Carrie Brent has prosecuted a cross appeal.

In arriving at the amount adjudged to appellee against the estate of Kinney Tyler the chancellor allowed her the two mortgage claims of $1,700.00 and $1,000.00, respectively, plus $250.00 paid to Kinney Tyler's wife and

daughter when the property was sold. In addition to these sums he credited her with the improvements that she had made on the property and with certain incidental expenses and costs incurred in renting it and looking after it, but charged her with the income from it during the time she held it.

It is the contention of appellant that appellee was not an innocent purchaser nor an occupying claimant within the meaning of section 3728 of Kentucky Statutes, and for that reason, as well as for the reason that no permanent improvements were placed on the property, she was entitled to no offset for improvements as against the claim for rent. It is contended on the cross appeal that she was a purchaser in good faith and she could not be divested of possession until the consideration that she had paid had been restored; and, further, that the use of the consideration which she had given was equivalent to the use of the property, and she should not have been charged with any rents but was entitled to a judgment for the $2,950.00 that she had paid.

The possession of the property was held by appellee under color of title. She contends that she is not chargeable with its rental value, for in such circumstances there is neither an express nor implied promise to pay any rent. On this point counsel cite many rulings of this court. But they relate to actions for rent, and this suit was not instituted to recover rent, but to have the paper under which Carrie Brent claimed title declared a mortgage. It was held to be a mortgage and the cause remanded for an adjustment of the equities between the parties. Hence the authorities relied on by appellee are inapplicable. In cases of this kind fairness requires an accounting of rents and improvements upon the broad principle that neither party shall be enriched at the loss of the other, and that they will be placed as nearly as possible *in statu quo.* Rogers v. Wiggs, 12 B. Monroe 504; Walker v. Fields, 147 Ky. 380. We think the chancellor was right in charging appellee with the reasonable rental value of the property.

Appellee was entitled to interest on the consideration that she had paid, and this the chancellor allowed her. But appellant insists that this interest was compounded, and that was error. While it cannot be said that the method adopted in balancing the equities was the best nor in form correct, we are nevertheless of opinion that there

was not a compounding of interest in view of the yearly balances found and of the fact the rents charged to appellee for each year exceeded the interest credited to her for the same period. Besides, the chancellor disallowed a part of the interest claimed, which, with the method of charging interest on the principal sum after deducting therefrom the rents for the preceding year, was in our judgment the equivalent of purging the claim of any illegal interest.

It is claimed by appellant that appellee was credited with repairs and improvements at their prime cost, whereas she should have been allowed nothing for repairs and for improvements only to the extent that they increased the permanent vendible value of the property. The contention is based on the rule that the value of improvements is to be measured by the increased vendible value of the property arising from the improvements. Proctor v. Smith, 8 Bush 81; Counts v. Kitchen, 87 Ky. 47. However, we cannot say this rule was violated, since the chancellor evidently acted on the principle that it was his duty to place the parties as nearly as possible in the positions they occupied when appellee acquired the possession. He found that the income from the property during the time it was in possession of appellee exceeded the interest on her original claim and the expenditures that she had made for improvements. To have merely canceled the contract and adjudged her a lien on the property for the $2,950.00 would not have been equitable. Neither would it have been fair to refuse her any just set-offs against the rents with which she was charged. The cost of improvements is not the measure of credit allowable to the occupant, but nevertheless that cost may be considered in determining whether and to what extent the vendible value of the property has been increased. The evidence as to what increase in that value resulted from the painting and other improvements placed on the property is conflicting. None of the witnesses made any estimates as to that matter. The court considered the various items of expense which appellee claimed to have incurred in making improvements, and, after deducting a considerable sum from the total, arrived at its conclusion. Some of those items consisted of paint put on the building, and it is argued that expenditures of that character were for repairs and not permanent improvements.

But certainly it could not be said that a building that needed painting was not permanently improved and enhanced in value by the painting of it, or a building that needed partitions in some of the rooms in order to rent them more advantageously was not permanently improved by erecting the partitions. Nor could it be said that a building adaptable for offices was not permanently improved in its vendible value by expenditures made in making it useful for that purpose and putting it in condition by which its rental value would be enhanced. Under this view of the effect of the expenses incurred in repairing and improving the building its vendible value would be increased. Expenses for renting the building and for janitor service should not have been credited to appellee, but, in view of the fact that the expenses allowed on this account were much less than the large reductions made on other expenses which appellee claimed to have incurred, we do not feel authorized to reverse the judgment because of these unauthoriezd allowances. After a review of all the evidence we are unable to say that the adjustment made by the chancellor is erroneous, or that a different or fairer decision could have been rendered if the evidence had been confined to expressions of opinion as to the increased vendible value of the property by reason of the improvements placed thereon.

There is some evidence to the effect that appellee might have rented the building at better prices than she received for it. On the other hand, her proof shows that she is a good business woman, was capable of renting and did rent all the property she owned at the highest rates obtainable, and that she believed she owned the property in question and was diligent in her efforts to rent it at the highest prices she could get. In view of this evidence, we think the sums charged to her as rental income afforded a fair criterion of the reasonable rental value of the property.

Our conclusion is that under all the circumstances disclosed in the record the judgment does substantial justice between the parties. It is therefore affirmed on both appeals.