CASE 56—PETITION ORDINARY—MAY 9,

## Howard, &c., v. Singleton, &c.

APPEAL FROM KNOX COURT OF COMMON PLEAS.

1. EJECTMENT—PLEADING—BURDEN OF PROOF.—Plaintiffs in ejectment
   must show a right of entry in themselves, and a legal estate in the
   premises existing in themselves, at the time the suit was commenced.
   And where they claim the land in controversy as the heirs of
   another, the defendant may, without denying their heirship or the
   ownership of their ancestor, deny their ownership and assert his
   claim, without taking upon himself the burden of proving his owner-
   ship.

2. GUARDIAN AND WARD—PARTIES TO ACTION.—In an action by a
   guardian under section 490 of the Civil Code for the sale of his
   ward's real estate owned jointly with another, it is not necessary that
   th ward should be a party; and, therefore, where he is made a de-
   fendant, it is not necessary that he should be served with process.

3. IN AN ACTION FOR THE SALE OF INFANTS' REAL ESTATE, the sale of
   land sought for the first time by an amended petition upon which
   process was not served upon the infants, would have been void had
   the action been one to which the infants were necessary parties.

KNOTT & EDELEN FOR APPELLANTS.

1. Under the Code, there is no such thing as general pleading.  (Civil
   Code, sec. 95.)
        And under no system of pleading, common law or Code, can the
   defendant admit the facts from which the law infers ownership and
   then merely deny the ownership.   If he admits the seizin of the
   plaintiffs he is required, if he claims title in himself, to plead speci-

ally his derivation of title. Nor is the mere averment that defendant "claims" a certain specified portion of the land a compliance with subsection 2 of section 125 of the Civil Code.

2. As the amended petition in the case of Letitia Cain, guardian, against John Higgins' heirs, stated a new cause of action, and no summons was ever issued thereon, the judgment for the sale of the land described in that pleading was not operative to divest the infants of title.

JOHN T. HAYS AND J. SMITH HAYS ON SAME SIDE.

1. As the amended petition stated a new cause of action summons should have been issued thereon. (10 Bush, 544; 8 Bush, 354; 6 B. M., 141; 6 Bush, 395; 83 Ky., 405.)

2. As no guardian *ad litem* was appointed after the amended petition was filed, and no commissioners appointed to report as to the value of the lot, and whether it was to the interest of the infants that it should be sold, the court had no jurisdiction to decree a sale. (Rev. Stats., chap. 86, art. 3, sec. 2; Barrett v. Churchill, 18 B. M., 390; 14 B. M., 295, 535; 6 Bush, 498; 1 Mon., 72; 7 Bush, 505, 362, 604.)

3. It appears that the guardian purchased the lot and transferred her bid to appellee. By the policy of the law, the guardian is forbidden to buy the ward's estate. (Cooley on Torts, p. 523; 80 Ky., 623; 78 Ky., 624.)

4. The court improperly ruled the burden of proof to be upon plaintiffs.

WM. LINDSAY AND JAMES D. BLACK FOR APPELLEES.

1. The material facts of *present* ownership and right to possession by the appellants and the wrongfulness of their own possession, the appellees specifically put in issue, and then pleaded over ownership and the right to the possession in themselves. Upon the pleadings there could be no recovery, and the burden was on appellants.

2. It matters not how irregular the judgment or sale or conveyance may have been, unless one or the other was absolutely void the possession of the appellees can not be disturbed in an action at law.

3. The amended petition did not seek the sale of any other property than that sought in the original petition, but only corrected a mistake of law as to the title and estate of the defendants, and therefore no summons was necessary.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellants, as the only heirs at law of John Higgins, who died in 1869, the owner of a lot of ground in Barboursville, Kentucky, brought this suit

against the appellees for its recovery. In the first
paragraph of their petition they set up their heir-
ship, the seizin and ownership of their ancestor and
the description of the premises. In the second they
allege ownership and right of immediate possession,
and aver that the defendants are in the wrongful
possession, to their damage, &c. The answer of each
of the defendants denies every allegation of the pe-
tition, save that of the ownership of John Higgins
in 1869, and the heirship of the plaintiffs, and sets
up the particular part claimed by each defendant.
For this reason it is contended by the appellants
that the burden of proof was thrown on the defend-
ants; that, having admitted the facts from which
the law infers ownership, they could not then merely
deny the ownership.

If the only issue in an action of ejectment were
one of abstract title there might be something in this
contention, but even then the legal seizin of Higgins
in 1869, and the consequent lawful entry and posses-
sion of the heirs at that time, are not conclusive evi-
dences of ownership and right of possession in the
heirs in April, 1892, when the suit was brought. Sup-
pose Higgins—still living in 1892—had sued, merely
setting up his title and rightful possession in 1869,
would the admission by the defendants of such facts
conclude the question of ownership and right of pos-
session some twenty years later?

The plaintiffs must show a right of entry in them-
selves and a legal estate in the premises existing in
them at the time the suit was commenced. The
legal right to the possession as between the parties

Howard, &c., v. Singleton, &c.

at the time of the institution of the action, was the issue in the case. We do not think that the pleas of the defendants changed the general and well established rule that the burden was on the plaintiffs. In discharging that burden, it was developed that the appellants had been divested of the title in question by a commissioner's deed in an action in the Knox Circuit Court, brought in March, 1877, by one Letitia Cain, the guardian of the appellants, for the sale of the property and reinvestment of its proceeds. It is contended by the appellants that the record of this old suit, as exhibited by them in proof, shows the judgment of sale to be void as to the appellants, who were then infants, under fourteen years of age, for the reason that while they were summoned on the original petition, and a guardian *ad litem* was appointed, yet on the amended petition, which, for the first time, sought a sale of the lot now in contest, they were not summoned, and no guardian *ad litem* was appointed for them, nor was any answer filed for them.

The appellees insist that the service of process on the original petition, and the appearance of the infants by their guardian *ad litem*, were sufficient to properly bring them before the court, but it will be observed that the petition only sought a sale of a farm in the county, and not the lot in the town, and it is clear that they were not before the court as defendants, and if the action was such a one as required them to be made defendants, and so brought before the court, the judgment of sale was void. But this old suit was brought under section 490 of

the Code, by the statutory guardian of the infants in a case where the share of each owner was less than one hundred dollars. This section provides: "That a vested interest in real property jointly owned by two or more persons, may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant.—1. If the share of each owner is worth less than one hundred dollars."

The proper allegations were set up in the amended petition as to the ownership and value of the lot in contest. The report of the commissioners was made showing the necessary facts, and a bond executed fully protecting the rights of the infants, the appellants here. The judgment of the court directing a sale recites these facts, and we perceive no irregularity in the proceedings; certainly nothing rendering the judgment void. Construing section 490, it was held in Shelby, &c., v. Harrison, Jr., &c., 84 Ky., 148: "That the guardian may, unquestionably, bring an action for his ward, and upon the conditions therein prescribed, obtain an order of court for a sale of the joint property without making the ward a defendant." And although the appellants were named as defendants in the old suit, and not served with process on the amended petition, yet they were fully represented in the action by their guardian who brought the action, and who was also their mother.

The evidence introduced showed a complete derivation of title so far as the appellees were concerned, and established the ownership and right of possession in the appellees.

The peremptory instruction to the jury to find for the defendants was proper, and the judgment is affirmed.