# Sanders v. Woodbury, Guardian Ad Litem, et al.

(Decided January 10, 1912.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Infant—Next Friend—Power to Employ Attorney and Contract for Fee.—The next friend of an infant may employ an attorney to institute an action to recover damages for personal injuries received by the infant, and may enter into a contract fixing the compensation to be paid, subject to the limitation that the fee agreed upon shall be a reasonable one, and this is a question for the court.

2. Attorney—Fee—Reasonableness of.—In a contest between an infant and an attorney employed by the next friend of the infant to represent the infant in an action for damages for personal injuries, evidence examined and held that the fee charged by the attorney was reasonable.

STUART CHEVALIER for appellant.

JOHN L. WOODBURY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Ruth M. Knuckles, an infant residing with her mother, Ella H. Knuckles, in the city of Louisville, was struck and injured by a tram car that was being used in the construction of a sewer on 12th street in that city. Mrs. Knuckles, the mother and next friend of the infant, employed appellant, Henry W. Sanders, an attorney-at-law, to institute proceedings to recover damages for the injuries received by the child. A written contract was entered into by which it was agreed that Sanders' fee should be a sum equal to one-half of the amount that might be recovered by judgment or compromise. Pursuant to this employment he instituted an action in the Jefferson Circuit Court under the style of Ruth M. Knuckles, by her mother and next friend, Ella H. Knuckles v. City of Louisville, Commissioners of Sewerage, and T. J. O'Connell, defendants. O'Connell was the contractor in charge of the work. Sanders had several consultations with Mrs. Knuckles, and also visited the child at the hospital. He went to the scene of the accident, and interviewed the witnesses who were all in the employ of the contractor. The driver of the tram car was arrested

and had a hearing in the Police Court on the charge of criminal negligence. Sanders attended this trial, and had a transcript made of the evidence. He also took the deposition of three witnesses. Subsequently a motion was made to transfer the case to the Federal Court. He appeared and resisted this motion, but the transfer was made. He afterwards appeared in the Federal Court once or twice on the calling of the case. Later on an offer of compromise was made by the attorney for the contractor. Having good reason to believe that if a recovery was had against the contractor, the judgment would not be good, Sanders affected a compromise in consideration of the payment of $1,075. He also compromised the mother's claim for $100. This settlement was approved of by Mrs. Knuckles. As there was no one authorized to receive the money, Dr. C. G. Forsee was appointed guardian of Ruth M. Knuckles. The check given in settlement was made payable to Sanders. Notwithstanding the fact that he had a contract for 50 per cent., or $537.50, he reduced his fee to $470, and paid the balance to the guardian.

This action was filed by C. G. Forsee, guardian, merely on petition. Appellant was his attorney. In his petition the guardian sets forth the contract of employment, and states the fee that was agreed upon was reasonable. He also refers to the compromise, and of the willingness of appellant to accept $370 for his services, and says that this charge is reasonable. Other items of expense are also set forth, but these it is not necessary to discuss. The petitioner asked that he be authorized to pay the attorney's fee and other charges. Upon submission of the case, the chancellor authorized the payment of the attorney's fee, and judgment was entered accordingly. Subsequently, upon affidavit of Charles A. Wickliffe, who had succeeded appellant as attorney for the petitioner, appellee, John L. Woodbury was appointed guardian ad litem for the infant defendant who was over fourteen years of age. Thereupon, he filed an answer and cross petition against appellant, charging that the fee allowed him was unreasonable, and asking a recovery of what was paid him in excess of a reasonable fee. By way of defense appellant pleaded the validity of the contract of employment, res adjudicata, and the reasonableness of the fee. Proof was taken, and upon submission of the case, the chancellor held that $250 was a

reasonable fee, and entered judgment accordingly. From that judgment this appeal is prosecuted.

For appellant it is first insisted that the chancellor was without power to change the fee fixed by the contract between him and the mother and next friend of the infant plaintiff, as that contract was valid. In this connection we are cited to a number of cases holding that a guardian who is authorized to prosecute and defend actions on behalf of his infant wards and to employ counsel for that purpose, has the authority also to contract with reference to the amount of compensation to be paid. (Taylor v. Beamis, 110 U. S., 442; Schultheis v. Nash (Wash.), 67 Pac., 707; In re Hynes, 105 N. Y., 560.) In Schultheis v. Nash, supra, the rule is thus stated: "The power to prosecute and defend suits fairly includes the power to make such reasonable contracts in regard thereto as may be necessary to conduct or defend the same, and includes the power to employ attorneys therein." Appellant, therefore, insists that a next friend, who, under certain circumstances is authorized to sue on behalf of an infant, is also authorized to employ an attorney and agree on his compensation. In the early case of Chapline v. Moore, 7 Monroe, 150, this court said:

"It is the duty of the executors, administrators or guardians in suits necessary to be prosecuted or defended to draw to their aid the service of men learned in the profession of law, and for so doing they should be allowed in settling their accounts such sums as are usually paid for like personal service by men ordinarily prudent in their own affairs, provided they have actually employed gentlemen of skill and ability, and have actually paid for their services."

Our conclusion, then is that the next friend of an infant may employ counsel to represent him and agree on the compensation to be paid, subject, however, to the limitation that the fee agreed upon shall be reasonable, and this is a question for the court. That being true, such a contract will be upheld if it appears that the compensation contracted for is reasonable. Upon this point appellant and three other members of the bar have testified that in a personal injury case where the fee is contingent, a fee equal to fifty per cent. of the amount recovered, whether by suit or compromise, is not only reasonable, but is the usual and customary fee for such service. They also say that for the services rendered by

appellant a fee of $470, which is $67.50 less than a fee of fifty per cent., is very reasonable. There is no evidence to the contrary. We, therefore, conclude that the fee charged by appellant is reasonable, and that the chancellor erred in holding that he was entitled to a fee of only $250. This conclusion makes it unnecessary to pass on the question of res adjudicata.

. Judgment reversed and cause remanded for proceedings consistent with this opinion.