## Walker v. Fields.

(Decided March 7, 1912.)

## Appeal from Perry Circuit Court.

Land—Ownership—Sale for Taxes—Void Judgment—Reimbursement —Improvements.—This is a controversy between plaintiff and defendant as to the ownership of certain lands alleged to have been purchased at a commissioher's sale for taxes but it is conceded that at the time of said sale the real owner of the land was not a party to the suit and had no notice thereof. Held, that the judgment enforcing the lien for taxes and all proceedings thereunder were void and passed no title to the purchaser. Fields however, having paid to Walker the taxes assessed against the land for 1896 with interest and penalties, appellant should reimburse him with interest, and if appellee has made valuable improvements thereon he should be allowed for same less the reasonable use of the land.

E. E. HOGG, HAZELRIGG & HAZELRIGG for appellants.

WOOTTON & MORGAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

It appears without contradiction that Mathias Templeton owned a tract of land in Perry county supposed to contain 212 acres; that it was sold in March, 1897, by the sheriff for taxes due on it for 1896; that at the sale Jerry and Henry Walker became the purchasers of the land, and that it was again sold the next year for taxes assessed against it for the year 1897, and that Jerry Walker, appellant, became the purchaser. When two years had elapsed from the date of the sale, the sheriff conveyed the land; the deed under the first sale was made to Jerry & Henry Walker and that under the second sale was made to Jerry Walker. The Walkers conceived that the sheriff's deeds did not convey the legal title to them, but only gave them a lien for the taxes, penalties, etc., paid by them, and they brought actions in the circuit court to enforce their liens, one of the actions was brought by Jerry and Henry Walker and the other by Jerry Walker. Both actions were brought in the latter part of 1900 and named Mathias Templeton as defendant. It does not appear that he was served with process, they supposing him to still be the holder of the legal title. The court entered an order in each case,

but at different times, directing the land to be sold, or so much of it as was necessary to satisfy the Walkers' claims. After due advertisement, the commissioner sold the land and at the sale made in the case of Jerry & Henry Walker, appellee, Henry Fields, became the purchaser, agreeing to take one-half of the land off of a certain end and pay the claims of the Walkers. After this sale was reported, the court appointed three citizens of that county to lay off to the purchaser the one-half he had agreed to take, which duty they performed and reported the allotment to the court by metes and bounds, and the court directed the commissioner to convey the part allotted, to appellee, which he did. In the suit of Jerry Walker against Templeton the commissioner offered for sale the whole of the Templeton survey or so much of it as was necessary to pay the claims of Jerry Walker as stated in his petition, and Jerry Walker became the purchaser of the whole boundary to satisfy his claim. This sale was reported to the court and confirmed and the court ordered a deed made to Jerry Walker, which duty the commissioner performed.

This action was brought by Jerry Walker against Henry Fields asking, in substance, that appellee be compelled to surrender all rights, if he had obtained any by reason of the commissioner's deed to him. Walker alleged that he had offered to refund to Fields the money paid by him on his purchase, to-wit, $18.00, and tendered that amount with its interest in court, but appellee refused to accept it claiming that his rights to the land by virtue of this deed were superior to those of appellant, and that in addition he had paid $27.00 cost in the case of Jerry & Henry Walker against Templeton in which action he made the purchase. He itemized his account in his answer. He further alleged that he had taken possession of this land immediately after his purchase; that he had cleared and fenced about twelve acres of it and made other valuable and lasting improvements by reason of which the value of the land has been enhanced at least $500.00. This was all denied by reply.

The testimony sustains appellee in his payment of the cost in the action of Jerry & Henry Walker against Templeton and as to some of the improvements made on the land, but it does not fix the cost of the improvements or the enhanced value of the land by reason thereof. The lower court dismissed appellant's petition,

and we would not feel inclined to disturb this finding but for other uncontradicted facts in the record. It appears that during the pendency of this action it was discovered that Mathias Templeton on July 21, 1897, conveyed the whole of the land to Granville Garrison who owned it until April 23, 1903, and that the conveyance was recorded in the Perry County Court clerk's office Semtember 13, 1897, and Granville Garrison conveyed the land to James A. Garrison on April 23, 1903, who conveyed it to William Garrison on June 26, 1903, and William Garrison conveyed it for a valuable consideration, to appellant, Jerry Walker. From these facts it appears that at the time the actions referred to were commenced in the circuit court and prosecuted and that at the time the deeds were made to Henry Fields and Jerry Walker by the commissioner of the court, Mathias Templeton, the defendant in those actions, was not the owner of the land and the real owner of the land was not a party to the suits nor did he have any notice thereof. These facts are conceded, therefore the judgment enforcing the liens for taxes and all proceedings thereunder were void and passed no title to the purchaser. Nor did the purchasers receive title by reason of the commissioner's deeds. Appellee, Henry Fields, however, having paid to Jerry Walker the taxes assessed against the land for 1896 with their interest and penalties and also some of the costs in appellant's action to enforce his lien in the action instituted by himself and Henry Walker, appellant should reimburse him with interest and if it should be made to appear that appellee has made valuable improvements on the land which have increased the market value of the land, he should also be allowed for them, less the reasonable use of the land, or its rental value.

The judgment is reversed and the case remanded for a settlement between the parties upon equitable terms, as indicated.