## Elk Valley Coal Mining Co. v. Willis & Meredith.

(Decided September 25, 1912.)

### Appeal from Muhlenberg Circuit Court.

Attorneys' Fees—Compromise of Client with Litigant.—Where appellees had sued appellant to recover for personal injuries sustained by an infant, under a contract with his next friend for a sum equal to fifty per cent of the recovery, and on the day the case was to be tried, the next friend, who was the infant's father, qualified as his guardian and executed settlement papers, in an action by the attorneys against the defendant for their fee, not upon the contingent fee contract, but upon a quantum meruit, held, that in addition to the recovery under the contract, if their contention is true as to the boy's contract for permanent services, they are entitled to receive one-half of the boy's contract for that, and they are entitled to have this view given to the jury in an appropriate instruction, in view of this theory of the parties' rights being brought out by defendant's answer, and issue joined upon it.

JONSON, WICKLIFFE & JONSON for appellant.

BELCHER & SPARKS and WILLIS & MEREDITH for appellees.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Frank Alexander, an infant, through L. E. Alexander, his father, as his next friend, in March, 1911, sued the Elk Valley Coal Mining Company to recover for personal injuries suffered by him while laboring in the

company's coal mine.    Appellees, Willis & Meredith, attorneys, filed the petition.  By contract made with the next friend, they were to have as their fee a sum equal to fifty per cent of the amount recovered by suit or otherwise.   Upon the day in April when the case was to be tried, the company compromised the claim with the plaintiff.  L. E. Alexander qualified as the guardian of the infant plaintiff, and executed the settlement papers.   The company set up the settlement by answer, stating that the sum paid in compromise was  $250. A receipt for this sum, signed by the guardian, stating in terms that it was a full accord and satisfaction of the entire claim, was exhibited with and relied on in the   answer.   The settlement was made without   the knowledge of Willis & Meredith.  Conceiving that the document signed by  the guardian did   not state   the whole or true consideration paid by the company, they set about ascertaining the facts with the purpose  of collecting a fee for their services.   On July 8th, they filed an intervening petition in the action, in nature for a judgment against the company for their fee under the lien allowed by section 107, Kentucky Statutes. The recovery was not sought upon the contingent fifty per cent   contract,   but upon a quantum meruit.   It was charged that $250 was not the whole consideration paid, but that in addition, a house and lot was to be conveyed the infant plaintiff, other money to be paid to or for him, and permanent employment afforded him by the company.   This the company denied; and then pleading the $250 as its full settlement, and the fifty per cent fee contract, offered to pay $125 and the costs as its full liability to Willis & Meredith.  Willis & Meredith admitted the percentage contract, but asserted that it was void as beyond the power of the next friend  to make.   Issue being joined, a jury trial resulted in a verdict of $1,150 in favor of Willis & Meredith against the company, and it appeals.

The evidence developed without conflict that in addition to the $250 in cash paid to the guardian, a small house and lot worth from $200 to $250, was to be conveyed by the company to the boy.  The company insisted that this was the sole and entire  consideration for the settlement, while Willis & Meredith insisted that there  was an additional  consideration,  in nature an undertaking by the company to give the boy lasting

employment.    There was enough  of testimony intro-
duced to take the case to the jury upon this issue of fact.
Upon the trial Willis & Meredith, admitting the existence
of the fifty per cent contract, insisted that it was void,
and that they were entitled to recover upon a quantum
meruit, no  matter whether the  amount paid in settle-
ment were certain or uncertain; while the company in-
sisted that the recovery should be limited by the con-
tract to fifty per cent of the amount paid.   The court
instructed the jury solely upon a quantum meruit, ap-
parently upon the idea that an infant's next friend had
not the right to make a valid employment of an attorney
for him.   At the time of the trial, the case of Sanders
v. Woodbury, Guardian, et al., 146 Ky., 153, had not
been written.   That case settled it that such a contract
is valid, subject alone to the court's determination of
whether the agreed fee be reasonable.   Now, it was in
evidence that the fifty per cent damage suit contingent
contract fee was a customary and reasonable one in
that community. Upon the company's theory, therefore,
that the $250 and the house and lot were the sole con-
siderations paid, an instruction in substance as follows,
should have been submitted to the jury:

"No. 1.   If the jury believe from the evidence that
the consideration for the settlement of the suit of Frank
Alexander against the  Elk Valley Coal Mining  Com-
pany was $250, and the house and lot named in the evi-
dence, and no more, they will find for Willis & Mere-
dith against said company in the sum of $125, and in
the further sum of one-half of the value, as they may
ascertain same from the evidence, of said house   and
lot at the time of said settlement, and no more."

Coming now to the other side of the question.   This
court has determined that a contract for  permanent
employment is a good consideration for a settlement of
a personal injury claim; and that where, coupled with
the payment of a negligible sum of money such an un-
dertaking is entered into by the compromising defend-
ant, the amount of compensation becomes so uncertain
as that the plaintiff's attorney should not be restricted
to his contract contingent per centum of recovery, but
should recover upon a quantum meruit.   Proctor Coal
Co. v. Tye & Denham, 123 Ky., 381.   But here we have
a different state of facts presented.   Instead of a sum
of money so small as to be inconsequential, as in the

Proctor Coal Company case, there was paid money and realty of the admitted value of from $450 to $500. When we consider that the sum paid to the boy was from $450 to $500, of which sum Willis & Meredith must recover from the defendants at least one-half, it cannot be said, as in the Proctor Coal Company case, that the amount recovered for their client was so uncertain in value as to warrant a recovery upon a quantum meruit, and not upon the contract. And yet, if their theory of the case, which they are entitled to have submitted to the jury, be true, they are entitled to recover something more; and that is, one-half of the value of the boy's contract for permanent services—this to be awarded, of course, only in the event that the jury should find as a matter of fact that the giving of such a contract to the boy was a portion of the consideration paid to him. Upon this issue, therefore, the court should have instructed the jury in substance, as follows:

"No. 2. If the jury believe from the evidence that in addition to the payment of said $250 and said house and lot, the Elk Valley Coal Mining Company, in settlement of said suit of Frank Alexander against it, agreed to give him permanent employment, they will find for Willis & Meredith against said company, in addition to the sum which they may find for them under the first instruction, such sum as they may find from the evidence to be equal to one-half of the value of said contract for permanent employment to said Frank Alexander at the time of the making of said settlement; but the total sum which the jury may find for said Willis & Meredith under both the first and second instructions shall not exceed the sum of $2,500, the amount named in the petition."

The $250 paid by the company to the physicians who attended upon the boy, was paid in discharge of a direct obligation owed by the company. It employed the physicians at the time of the accident. The boy owed them nothing. The company's discharge of this, its own debt, was no part of the consideration paid in compromise of the suit. There was not enough of testimony to embrace the year of schooling in the last set out instruction, nor the employment of the father, even if the latter could properly be considered a payment to the son.

The instructions set out allow a recovery upon the contract employment, a manner of recovery not sought by Willis & Meredith in their petition; but this theory of the parties' rights was brought forward by the defendant's answer, and issue joined upon it. It was right, therefore, to instruct the jury upon it. B. & O. S. W Ry. Co. v. J. A. Wood & Co., 130 Ky., 839.

The judgment is reversed and cause remanded for a new trial consistent herewith.