## Massingale, et al. v. Parker.

(Decided May 17, 1921.)

### Appeal from Whitley Circuit Court.

1. Infants—Action Against—Code Does Not Authorize Appointment of Guardian Ad Litem for Nonresident Infant Defendants Not Summoned in This State But Proceeded Against by Warning Order.—The Civil Code of Practice does not authorize the appointment of a guardian ad litem for nonresident infant defendants not summoned in this state, but proceeded against by warning order.

2. Appeal and Error—Nonresident Infant Defendants—Guardian Ad Litem Whose Appointment is unauthorized Has no Power to Prosecute Appeal on Behalf of Nonresident Infant Descendants.—A guardian ad litem, whose appointment is unauthorized, has no power to prosecute an appeal on behalf of nonresident infant defendants.

3. Appeal and Error—Warning Order Attorney Has No Power to Prosecute Appeal for Nonresident Infant Defendants.—A warning order attorney has no power to prosecute an appeal on behalf of nonresident infant defendants.

4. Appeal and Error—Unauthorized Appeal on Behalf of Non Resident Infant Defendants Will Be Dismissed.—An unauthorized appeal on behalf of nonresident infant defendants will be dismissed.

H. L. BRYANT for appellants.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Dismissing the appeal.

On November 3, 1914, S. P. Estes and wife conveyed to Harvey Parker a house and lot in the city of Williams-

burg. Estes acquired title from J. D. Massingale and Louise Massingale by deed dated August 4, 1914. Louise Massingale acquired title by deed dated September 20, 1909, in which Mark White and wife were parties of the first part, and "Louise Massingale and the offsprings of her body" were the parties of the second part.

Louise Massingale and her husband had five children, Eugene Massingale, Jerome Massingale, John D. Massingale, Jr., Elmore Massingale and Christine Massingale, all of whom are infants and reside with their parents in the state of California.

Alleging that he owned the property in fee and was in possession thereof, and that the above named children of Louise Massingale were asserting an interest therein by virtue of the deed of Mark White and wife to their mother and the offsprings of her body, Parker brought this suit to quiet his title. An affidavit for a warning order was made, and an order was entered warning "Eugene Massingale, etc.," to answer in thirty days, and appointing Manse Bryant, a regular practicing attorney, to inform "the defendant" by mail concerning the pendency and nature of the action. The corresponding attorney reported that he wrote each of the defendants a letter concerning the nature and pendency of the action, and directed the letters to each of the defendants at Riverside postoffice in the state of California, and that each of the envelopes contained the words, "After five days return to H. L. Bryant, Williamsburg, Ky.;" that the postage on each letter was prepaid; that none of said letters were returned, nor did he hear from any of the defendants. Thereafter, plaintiff's attorney made a motion to appoint a guardian *ad litem* for the infant defendants, and filed his affidavit in support thereof. Thereupon Bryant was appointed guardian *ad litem* and accepted the appointment. The guardian *ad litem* then filed a demurrer, which was overruled. The court held that the words, "offsprings of her body," in the deed from Martin White and wife to Louise Massingale, were used in the sense of bodily heirs or issue, and therefore created an estate tail, which by the statute was converted into a fee. Judgment was rendered quieting plaintiff's title to the property and an appeal has been prosecuted for the defendants by the corresponding attorney and guardian *ad litem,* who designates himself as "attorney for defendants."

In the recent case of Powell v. Baer, 143 Ky. 282, 136 S. W. 629, it was pointed out that subsection 1, section 36, Civil Code, providing that the defense of an infant must be made by his guardian or committee, or by a guardian *ad litem,* and subsection 3, providing that no judgment shall be rendered against an infant until the regular guardian or committee or guardian *ad litem* of such defendant shall have made defense or have filed a report stating that after a careful examination of the case, he is unable to make defense, are restricted in their application to infants who have been summoned in this state, and do not refer to infants who are nonresidents and have not been summoned in this state, and who must necessarily be proceeded against as nonresidents. It was further pointed out that there was no difference in the procedure against a nonresident infant and a nonresident adult, and that the only defense necessary to be made on behalf of a nonresident infant defendant was that required by subsection 7, section 59, Civil Code, which provides that "no judgment shall be rendered against such defendant if under any disability, other than coverture, or infancy and coverture combined, until a defense or report shall have been filed pursuant to subsection 5 of this section." Originally the code provision requiring the defense of an infant to be made by his regular guardian or guardian *ad litem,* and providing that no judgment should be rendered against him until after such defense, was not confined to infants summoned in this state. Section 55, Myers' Code. It was therefore held that a judgment against an infant constructively summoned, where no guardian *ad litem* was appointed or made defense, was erroneous. Simmons v. McKay, 5 Bush 25. And this rule was apparently approved in cases arising under the present code, because the court failed to observe the difference in the code provisions. Oliver v. Park, 39 S. W. 423; Myers v. Pedigo, 72 S. W. 734. It is clear, however, that the present code does not contemplate or authorize the appointment of a guardian *ad litem* for nonresident infant defendants not summoned in this state, but proceeded against by warning order. The nonresident infant defendants in this case not having been summoned in this state, but having been proceeded against by warning order, it follows that Bryant's appointment as guardian *ad litem* for them was not authorized, and that he was without authority to prosecute an appeal on their behalf.

The same rule applies with respect to the power of the corresponding attorney. His duties are confined by the code to the making of a report, or the making of an affirmative defense, if he can, in case the defendants are under any disability other than coverture, or infancy and coverture combined, section 59, Civil Code, subsections 2, 3, 4, 5 and 7, and subsection 5 distinctly provides that no act of the corresponding attorney shall be treated as an appearance of the nonresident defendants. Furthermore, the Code gives to nonresident defendants, against whom a judgment has been rendered upon constructive service, and who did not appear, the right on certain terms to have the action retried at any time within five years after the rendition of the judgment, Civil Code, sec. 414; and if they be infants, other than married women, the further right, within twelve months after attaining their majority, to show cause against the judgment, except in certain cases not material, Civil Code, section 391, and to prosecute an appeal therefrom. Section 747, Civil Code. In view of these provisions, it is clear that a corresponding attorney has no power by virtue of his appointment alone to prosecute an appeal on behalf of nonresident defendants.

As Bryant had no authority either as guardian *ad litem* or as corresponding attorney to prosecute the appeal, it follows that the appeal was unauthorized and should be dismissed.

Appeal dismissed.