## Kidd et al. v. Kidd et al.

Jan. 10, 1939.

STEPHENS & STEPHENS for appellants.

J. C. DAVIS and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an ex parte proceeding to sell the lands of George G. Kidd, deceased, and divide the proceeds among the several heirs. Subsection 2, section 490, of the Civil Code of Practice. The principal questions presented in this appeal involves the manner in which three infant heirs, under 14 years of age, children of a deceased daughter of George G. Kidd, and who lived in Tennessee with their father, Oby Blevins, at the time this suit was filed, were made parties to the suit. Oby Blevins was made a party, and his three infant children were made parties to the suit by S. G. Kidd as their next friend. S. G. Kidd was a son of decedent, George G. Kidd, and was administrator of his estate.

At the outset, it is our conclusion that appellants' objection to the manner in which the three infant children were made parties in the proceeding is well grounded. We have frequently held that an infant's guardian may bring a suit, or join in a suit, including an ex parte proceeding, to sell lands under subsection 2, section 490 of the Civil Code of Practice, without his ward being made either a party plaintiff or a defendant in the proceeding. Shelby v. Harrison, 84 Ky. 144, 8 Ky. Law Rep. 83; Howard v. Singleton, 94 Ky. 336, 22 S. W. 337, 15 Ky. Law Rep. 309; Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776; Scott v. Graves, 153 Ky. 221, 154 S. W. 1084; Baker v. Weaks, 178 Ky. 515, 199 S. W. 53, L. R. A. 1918C, 152; Baxter Realty Co. v. Martin, 185 Ky. 697, 216 S. W. 110; Greenway's Guardian v. Greenway, 262 Ky. 818, 91 S. W. (2d) 553. In the Ellis Case the suit was brought by a resident guardian who had been appointed as such on motion of the nonresident guardian. In the Baker and Greenway Cases the non-resident guardians qualified under section 2041 of the Statutes to bring suit. An examination of these cases shows that the duly qualified representative of the infant was a party to the action, and in no instance was the infant represented in the action by a next friend.

The qualifications of a next friend as set out in subsection 1, section 37 of the Civil Code of Practice are:

"No person shall sue as next friend unless he reside in this State and be free from disability, nor unless he file his own affidavit showing his right to sue as next friend according to the provisions of this chapter."

As to the bringing of certain actions for persons under disability, subsection 4, section 35 of the Civil Code of Practice, provides:

"The action of an infant, or of a person of unsound mind, who resides in a foreign country, and who has a guardian, curator, or committee residing therein, may be brought by such guardian, curator, or committee, or by his next friend."

In the case of Ambrose v. Graziani, 197 Ky. 679, 247 S. W. 953, the office of the next friend of an infant was discussed briefly. That case also set forth reasons for the limitations of the powers of a next friend when compared with the powers and duties of a guardian. In that case we said [page 954]:

"The office of the next friend of an infant is confined to the bringing and prosecution of an action in the name of the infant for the benefit of the infant, and it is perfectly clear that inasmuch as the next friend, or prochein ami, is under no bond, his authority ends with the prosecution of a suit, and if anything is recovered he has no authority to collect same. Not only so, he has no authority to compromise or settle or adjust a claim of the infant, but, on the contrary, his only duty and the only thing he is authorized to do is to prosecute in the name of the infant, and for the infant's benefit, his cause of action.

"Infants are peculiarly the favorites of courts, and to say that one acting in such capacity, who has given no bond guaranteeing the repayment to the infant, could collect money coming to him or could enter into a compromise and settlement which would bind the infant, would be, in most cases, to place such helpless people absolutely at the mercy of designing persons. So far as we are aware no court ever has held that one acting in such capacity for an infant has authority to compromise the infant's claim or to receive money for the infant in settlement of same.

"It has been held in this state that it was within the power of a next friend as a necessary incident to the prosecution of a claim for the benefit of the infant to employ an attorney and contract to pay him a fee, but that such fee must always appear to be a reasonable one. Sanders v. Woodbury, 146 Ky. 153, 142 S. W. 207; Elk Valley Coal Mining Co. v. Willis & Meredith, 149 Ky. 449, 149 S. W. 894.

"It is suggested, however, that as it has been held by this court in the case of Manion v. Ohio Valley Railway Company, 99 Ky. 504, 36 S. W. 530, 18 Ky. Law Rep. 352, that a statutory guardian may compromise a claim for unliquidated damages held by his ward, a next friend may exercise the same authority. But the cases are very different; the guardian has given a bond to account to his infant ward, while the next friend has given none. If the guardian makes a fraudulent or improvident settlement of a claim of his ward he is liable therefore to the ward, while a next friend has no bond and there is no assurance that any right can be enforced against him."

In the case of Moorman v. Louisville Trust Company, 181 Ky. 30, 203 S. W. 856, we approved the action of the lower court in refusing to permit a next friend to decide for an infant upon the policy of bringing a suit to contest a will. In that case it was pointed out that a next friend of an infant acts to a large degree under the direction and control of the court, because of the fact that the rights of infants have long been regarded as being under the special protection of courts of equity. See also Kash v. Kash's Guardian, 260 Ky. 377, 85 S. W. (2d) 866. In the Kash Case and in other cases cited therein it was pointed out also that a stranger should not be permitted to assume to represent an infant as next friend against the wishes of himself and of his natural guardian. From this brief review of the law relating to the office of a next friend of an infant it can be seen clearly that, while persons are frequently permitted by the courts to bring such actions, it is the duty of the courts to examine carefully the facts and circumstances under which the actions are brought.

A review of a number of cases before this Court involving actions brought by a next friend of an infant

shows generally that the actions have been brought to recover something for the benefit of the infants (See cases cited above). This case presents squarely before us the question as to whether or not infants may be joined in an ex parte proceeding by a next friend to sell real estate under subsection 2, section 490 of the Civil Code of Practice. In view of the limitations of the office of next friend of an infant, and also our approval of situations where a guardian of an infant has been permitted to join in an action with or without the infant being a party thereto to sell land under subsection 2, section 490, we are constrained to conclude that the trial court erred in permitting S. G. Kidd to sue as next friend for the nonresident infants, Levi Blevins, Howard Blevins and Rosa Emerine Blevins. We think that the situation here presented is one which makes clear the reasons for our conclusions herein. The person suing as next friend for the three infants was their uncle and an heir entitled to a full share of the estate to be divided, and also administrator of the estate; and, further, the larger tract of land was purchased by another heir who was also entitled to a full share of the estate.

The non-resident infants may be made defendants in an action under subsection 1, section 35 of the Civil Code of Practice, and may be proceeded against by constructive service as provided under sections 57, 58 and subsection 5 of section 59 of the Civil Code of Practice. Powell v. Baer, 143 Ky. 282, 136 S. W. 629; Massingale v. Parker, 191 Ky. 515, 230 S. W. 932; Furlong v. Finneran, 223 Ky. 558, 4 S. W. (2d) 378. Furthermore, we have noted that the legal guardian may qualify under section 2041 of the statutes to join in the action for the infants.

Judgment reversed with directions for proceedings consistent with this opinion.

Whole Court sitting.