## Kidd et al. v. Roundtree et al.

Feb. 14, 1941.

G. W. Stephens for appellants.

Stephens & Steely and J. C. Bird for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in parts and reversing in part.

In the year 1936 an action was filed by the heirs at law of Geo. F. Kidd for the sale of certain real estate owned by him and, pursuant to the judgment of sale, it was sold on May 10, 1937. One of the tracts containing 100 acres was purchased by the appellee Susan Braden, and another tract of 200 acres was purchased by Bradley Kidd, one of the heirs at law and a party to the action, who assigned his purchase to the appellee Roundtree. Exceptions were filed to the report of sale and overruled. On appeal to this court the judgment was reversed in Kidd et al. v. Kidd et al., 276 Ky. 271, 124 S. W. (2d) 66.

After the reversal of the judgment by this court certain of the infant heirs, who had not been properly before court, were made parties and the land was again sold and writs of possession awarded against the appellees, Braden and Roundtree, who had been in possession of the respective tracts purchased by them. The appellees in the meantime had paid the purchase money on the respective tracts and the purchase money of $1,735 paid by Roundtree was refunded to him by court order. The purchase money of $427.45 paid by appellee Braden was not refunded.

The appellees filed answer, counterclaim and cross-petition in which they set out certain improvements made on the property by them and asked that they be allowed the value of these improvements, $500 in the case of Mrs. Braden and $786.72 in the case of Round-

tree. The trial court entered a judgment directing the return to Mrs. Braden of the $427.45 purchase money paid by her together with $59.22 and two years' taxes amounting to $16.50. The judgment also charged Mrs. Braden with $100 rent on her tract and fixed the value of improvements made by her at $400 and adjudged that she was entitled to $300, the difference between the rent and the improvements, and she was awarded a lien for the purchase money, interest and taxes and the $300 balance. The judgment charged Roundtree with rent of $150 and fixed the value of improvements made by him at $550, leaving a balance in his favor of $400 for which he was .awarded a lien on the tract purchased by him.

This appeal is prosecuted from that judgment, the appellants contending that the appellees are not entitled to payment for improvements made by them and that in any event the trial court fixed the value of the rents too low and the enhancement of the value of the property by reason of the improvements too high. The appellees prosecute a cross-appeal contending that the trial court was in error in awarding a writ of possession against them until the money due.them had actually been refunded.

At the outset we may state that the question confronting us is not as to the effect of the reversal of a judgment of sale on the title of a purchaser at the judicial sale. In short, we are not concerned with the question as to whether the appellees were bona fide purchaser within the meaning of Section 391 of the Civil Code of Practice since, on the return of the case to the circuit court, they were divested of title by that court and no appeal was taken by them from that action. We are concerned with the broader question as to the rights of the appellees respecting improvements made by them in reliance on their purchase at the judicial sale when the judgment of sale was thereafter reversed.

There seems to be a diversity of authority upon the question of the right' of one improving land in reliance upon a judgment awarding the land to him to recover compensation for the improvements upon the reversal of the judgment. See 27 A. J. 273 and the A. L. R. annotation to the reported case of Golde Clothes Shop v. Loew's Buffalo Theatres, 236 N. Y. 465, 141 N. E. 917, .30 A. L. R. 931. But, whatever may be the rule in other

jurisdictions, this court has long been committed to the doctrine that a purchaser in possession under a judgment awarding land to him may recover compensation for improvements upon reversal of the judgment. Talbott's Ex'rs v. Bell's Heirs, 5 B. Mon. 320, 326, 43 Am. Dec. 126; Madeira's Heirs v. Hopkins, 12 B. Mon. 595; Hall v. Dineen, 83 S. W. 120, 26 Ky. Law Rep. 1017; Fisher v. Musick's Ex'r, 72 S. W. 787, 24 Ky. Law Rep. 1913; Walker v. Fields, 147 Ky. 380, 144 S. W. 74; Samuels v. Simmons, 60 S. W. 937, 22 Ky. Law Rep. 1586. In the latter case compensation for improvements was limited to the amount of rents chargeable to the one in possession under the judgment. There, however, there was no resale of the property on which the improvements were made as was the case here.

It is true that in a number of cases in this court it has been held that one in possession of land who makes improvements thereon with actual knowledge of an adverse claim, or after an action has been filed attacking his title or possession, may not be compensated for improvements, Harrison's Devisees v. Fleming, 7 T. B. Mon. 537; Harrison's Devisees v. Baker, 5 Litt. 250; Upton's Committee v. Handley, 123 S. W. 1188; Leavison v. Harris, 14 S. W. 343, 12 Ky. Law Rep. 488, but these were not cases in which the one making the improvements was a purchaser at a judicial sale.

Following the authorities from this jurisdiction we are constrained to hold that the appellees are entitled to compensation for the improvements made by them during the time they were in possession. Having made the improvements in good faith, believing they had good title, and the land having been resold so that the owners received the benefits of the improvements, they are entitled to compensation therefor. Such compensation is limited to the extent that the improvements increased the vendible value of the land. Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49; Combs, Guardian, v. Deaton, 199 Ky. 477, 251 S. W. 638.

We are unwilling to disturb the finding of the chancellor as to the amount of the rents with which the appellee Braden was properly chargeable and as to the extent of the improvements made by her increased the vendible value of her tract. While the finding that the vendible value of her tract was increased by $400 seems

rather large, it is no more than sufficient to raise a doubt in our minds and in such cases it is our duty to affirm the finding of the chancellor.

As to the appellee Roundtree, however, we are convinced that the finding that the improvements made by Roundtree increased the vendible value of his tract by $550 was clearly unjustified by the evidence. Evidence as to the improvements made by him was highly unsatisfactory and indefinite and in our opinion this amount should not have been fixed at not more than $350. Deducting from this sum the rent of $150 chargeable to Roundtree, a balance of $200 is left in Roundtree's favor.

We see no merit in the cross-appeal of appellees since the record shows that there is a fund in court ample to repay the purchase price paid in by Mrs. Braden and the respective sums to which each appellee is entitled as above indicated.

The judgment is affirmed on the original appeal as to the appellee Braden, and reversed as to the appellee Roundtree, and is affirmed on the cross-appeal with directions to enter a judgment in conformity with this opinion.

The Whole Court sitting, except Judge Perry.

Judges Thomas and Ratliff dissenting.

Judge Thomas (dissenting).

I agree with the general rule approved in the opinion allowing good faith purchasers to recover the increased vendible value of land by virtue of their improvements when they are later deprived of the title; but in this case the judgment under which the improving claimants purchased the land that they later improved was adjudged by us in the case of Kidd et al. v. Kidd et al., 276 Ky. 271, 124 S. W. (2d) 66, to be void because the court in rendering it did not have before it some infant joint owners, and because of which the court had no jurisdiction of their persons. Nevertheless the opinion herein holds that valuable rights may originate and sprout from a void judgment, which I have always been taught was a nullity ab initio, and gave no rights to any one which were acquired in reliance thereon, for, as said by us in our opinion in the case of Be-

ment v. Commonwealth, 172 Ky. 452, 189 S. W. 466, 468, "A void judgment is no judgment. It has at no time or place any force or effect. It does not give the plaintiff anything or take from the defendant anything." It is easy to conceive that a purchaser at a judicial sale,—though under a voidable and, therefore, erroneous judgment,—may acquire the right to compensation for improvements made on the property purchased by him after being deprived of it by a reversal of the judgment under which he purchased, and especially so when he was permitted to take possession pending the appeal because the judgment was not superseded. In such circumstances there is a well-defined basis for the application of the equitable principle under consideration. But not so when the judgment directing the sale was absolutely void, since in that case "It does not give the plaintiff anything or take from the defendant anything." Bement case, supra.

I am convinced that my stated ground of dissent could be conclusively demonstrated were I to take the time to collate the authorities substantiating it; but, since my purpose is only to state my grounds of disagreement with the majority of the court, I shall not attempt that task. But for the reasons stated I dissent from so much of the opinion as upholds the right of a purchaser at a judicial sale under a void judgment to recover for the increased vendible value of improvements made by him, and for which reason it is my opinion that the judgment should be reversed.