LOVIE GAY V. THE STATE.

No. 6502.   Decided November 30, 1921.

Burglary—Motion for New Trial—Practice on Appeal.

Without attempting to discuss the question of procedure, in the action of the trial court, and having examined the amended motion for new trial, this court finds therein no such grounds as would have called for the granting of same, had permission been given defendant to file it, and the trial court considered same as upon a regular filing and presentation, and there was no reversible error.

Appeal from the District Court of Hunt. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief filed for appellant.

R. G. *Storey,* Assistant ·Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of the offense of burglary, and his punishment fixed at two years in the penitentiary.

The record is before us without a statement of facts. There is a bill of exceptions to the court's refusal to permit the filing of an amended motion for a new trial. It appears from said bill and the qualification thereto attached, that the verdict was rendered on April 14, 1921, and that on April 16th, upon a belief that there would be no appeal, appellant was brought before the court and his formal motion for new trial overruled and he was sentenced. It appears from the record that upon being asked if he had anything to say what sentence should not be pronounced upon him, he said "nothing." It seems that appellant's attorneys did not live in the county. The trial term of

the court ended on May 7, 1921, and on the morning of the 6th of May and before the expiration of said term the court was informed that an amended motion for new trial would be presented on behalf of appellant. It was then ascertained that appellant had been removed from Greenville, the county seat of Hunt County, but the court was under the impression that he was in Dallas on his way to the State penitentiary, and the court told appellant's attorney that he did not know that appellant intended to appeal his case, and for such attorney to let the court know at once and he would try to get appellant back in court so that the amended motion for new trial might be properly filed and presented. The trial court says in his explanation that he heard nothing further from said attorney and made no further effort to have appellant brought back within the jurisdiction of the trial court until the afternoon of the 7th of May, the day of adjournment, at which time it was impossible to have appellant brought before the court before its close. There is also appended to said bill of exceptions the amended motion for new trial which the court refused appellant permission to file.

Without attempting to discuss the question of the procedure involved in the action of the trial court, we have examined the amended motion for new trial and find therein no such grounds as would have called for the granting of same, had permission been given to appellant to file it, and had the trial court considered same as upon a regular filing and presentation. The matters contained in said motion relate to arguments of the district attorney, and to the reception and rejection of evidence and to the insufficiency of same to support the verdict, none of which questions would have necessitated or called for a new trial on the part of the lower court, nor for a reversal on the part of this court, in the absence of bills of exceptions and a statement of facts.

The judgment of the trial court will be affirmed.

*Affirmed.*