

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~ASSISTANT~~ DEFERRED

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-4145
Re: Would a county commissioner,
by virtue of the fact that
at times he might serve as a
magistrate, be allowed to
carry a pistol?

Responding to your opinion request of recent date on the question as stated above, we have carefully investigated the authorities.

The pertinent statutory provisions are contained in Chapter 4 of Title 9 of the Texas Penal Code, Articles 483 and 484, under the general heading "Unlawfully Carrying Arms." We quote said articles:

"Art. 483. 476, 338, 318 Unlawfully carrying arms

"Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purpose of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year. Acts 1887, p. 6; Acts 1905, p. 56; Acts 1918, p. 194.

"Art. 484. 476, 339, 319 Not applicable

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duty, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives compensation of

forty dollars or more per monty for his services
as such officer, and who is appointed in comform-
ity with the statutes authorizing such appointment;
nor to any deputy, when in the actual discharge of
his duties as such, nor to any game warden, or lo-
cal deputy Game, Fish and Oyster Commissioner when
in the actual discharge of his duties in the county
of his residence, nor shall it apply to any game
warden or deputy Game, Fish and Oyster Commissioner
who actually receives from the State fees or compen-
sation for his services. Acts 1871, p. 25, Acts
1918, p. 194."

Article 5, Section 12 of the Constitution of Texas contains
this statement: "All judges of courts of this State, by virtue of
their office, be conservators of the peace throughout the State."

Section 1 of said Article 5 reads in part:

"The judicial power of this State shall be vested
in one Supreme Court, in Courts of Civil Appeals, in
a Court of Criminal Appeals, in District Courts, in
County Courts, in Commissioners Courts, in Courts of
Justices of the Peace, and in such other courts as may
be provided by law." (Emphasis ours).

While Commissioners' Courts are Courts of limited jurisdic-
tion, they are nevertheless "Courts." Hill County v. Hamilton (Tex.
Civ. App.) 273 S.W. 292; Bradford v. Moseley (Tex. Comm. App.) 223 S.W.
171, reversing (Tex. Civ. App.) 190 S.W. 824.

Article 33 of our Code of Criminal Procedure provides:

"Art. 33. (41) (42) Who are magistrates

"Each of the following officers is a 'magistrate' within the
meaning of this Code: The judges of the Supreme Court, the
judges of the Court of Criminal Appeals, the judges of the dis-
trict court, the county judge, any county commissioner, the
justices of the peace, the mayor or recorder of an incorpor-
ated city or town." (Emphasis ours).

Article 34 of the Code of Criminal Procedure prescribes the duty of magistrates as follows:

"Art. 34. (42) (43) Duty of magistrates

"It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and supressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment. (O. C. 32.)"

While Article 36, Code of Criminal Procedure, reads as follows:

"Art. 36. (43) (44) Who are peace officers

"The following are 'peace officers:' the sheriff and his deputies, constable, the marshal or policeman of an incorporated town or city, the officers, non-commissioned officers and privates of the State ranger force, and any private person specially appointed to execute criminal process. (O.C. 53, Acts 1919, p. 264.)"

The last quoted article does not name a county commissioner as a "peace officer," neither does it name a justice of the peace as such; but in the case of Patton v. State, 129 Tex. Cr. R. 269, 86 S. W. (2d) 774, we find the following language (after citing the various statutes and constitutional provisions quoted above):

". . . While a justice of the peace is not denominated as a peace officer under article 36, C.C.P., yet this court held in the case of Jones v. State (Tex. Cr. App.) 65 S.W. 92, that: 'One who is authorized to preserve or maintain the public peace is a peace officer. Of course, it would have been competent for the legislature, in enacting the pistol law, to have prescribed what officers . . . were authorized to carry pistols; but when they used the general term, excluding from the operation of the law all "peace officers," it applied

as well to those who were constituted peace offi-
cers under the constitution as to those who were
peace officers by the act of the legislature.
While we have conceded in what has been said
above that the legislature does not mean or treat
county judges as peace officers, yet we think it
is by no means clear that they did not intend to
regard them as such, as certain articles of the
Code appear to arm them with functions pertaining
to peace officers. *** We hold that the constitu-
tion makes   county judges peace officers, and
that when the legislature, in enacting the pistol
law, excluded from its operation all peace officers,
appellant was embraced in this list, and as such
peace officer he was authorized to carry a pistol.'

"Article 484, P.C., exempts all peace officers
from the operation of Article 483, P.C., prohibit-
ing the carrying of a pistol. In the case of
Tippett v. State, 80 Tex. Cr. R. 373, 189 S.W. 485,
486, this court said: 'By virtue of section 12 of
article 5 of the Constitution, all judges *** are ***
peace officers. *** A county judge is a peace offi-
cer, then there is no escape from holding that a
judge of the corporation court is also a peace offi-
cer. *** And if all judges are peace officers by
virtue of the constitutional provision hereinbefore
recited, then appellant, by virtue of being a judge
of the corporation court, would be a peace officer,
and authorized to carry a pistol, even when not in
the actual discharge of the duties of the office.'

"We see no good reason why a justice of the peace
who is a judge of a justice court would not come with-
in the definition of a peace officer under said consti-
tutional provision. We are therefore constrained to
hold, in keeping with the authorities above cited,
that the appellant, being a justice of the peace, was
a peace officer and authorized to carry a pistol on
the occasion in question, even though he was not in
the actual discharge of the duties of the office.

". . . . "

See also Satterwhite vs. State, 112 Tex. Cr. R. 574, 17 S.W. (2d) 823, at p. 825.

Clearly, a county commissioner, while serving as a magistrate, is a peace officer within the meaning of the terms of Article 484, Penal Code, supra, which, among other things, makes inapplicable to peace officers the provisions of Article 483, Penal Code, supra, defining the offense of unlawfully carrying arms. But we cannot bring ourselves in agreement with the last statement quoted above from the Patton case, i.e., that a magistrate, any magistrate, is authorized to carry a pistol on any occasion when not in the actual discharge of the duties of his office. In addition to the language of Judge Hawkins, writing on the state's motion for rehearing in the Patton case, "We cannot agree, as insisted by the state, that on the night of the killing appellant was not in the discharge of the duties of his office," which we think clearly indicates the statement in the original opinion to be obiter dictum, we cite the following cases as showing that the language of the statute (Art. 484, P. C. ), means literally what it says when it exempts "any peace officer in the actual discharge of his official duty". Trimble v. State. 132 Tex. Cr. R. 236, 104 S.W. (2d) 31, at pp. 34-35 (special ranger, driving cattle and not on official duty); Gandera v. State, 94 Tex. Cr. R. 535, 252 S.W. 166 (deputy sheriff, driving jitney and not on official duty); Ransom v. State, 73 Tex. Cr. R. 442, 165 S.W. 932 (deputy sheriff outside county).

We think the proper answer to your question is that a county commissioner is a magistrate by virtue of his office; that when he acts in the capacity of such magistrate he is a "peace officer;" that if, as and when he acts as such peace officer in the actual discharge of his official duty he is authorized to carry a pistol and at other times he is in no different position than any other citizen or civil officer. And in this connection, we point out that since its original enactment our present Article 484 of the Penal Code has been amended. This statute was formerly known as Article 476 in the 1911 revision; and was Article 339 in the revision of 1895 and Article 319 in the revision of 1879. The learned judge, writing in the Patton case on original submission, must have overlooked the change appearing for the first time in the codification of 1911, the language in the exemptions of 1895 and 1879 providing that the prohibition as to bearing arms should not apply to " a person in actual service as a militiaman, nor to any peace officer or a policeman, or person summoned to his aid, nor to a revenue

or other civil officer engaged in the discharge of official duty,"
etc., thus showing that a "peace officer" was immune under those
codes from prosecution for bearing arms at any time or place,
whereas the present statute clearly limits the peace officer's
exemption to the time and place where he would be "in the actual
discharge of his official duty."

Trusting that the above fully answers your inquiry, we
are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Benjamin Woodall
By      Benjamin Woodall
             Assistant

APPROVED NOV 15, 1941

GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

BW: mp: egw

Approved
Opinion Committee
by BWB
Chairman